UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALVIN JR LEON WITHERS and MARIE HEIDI SHARON WITHERS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP and IMMIGRATION SERVICES, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Case No. 2:25-cv-00969-AMA-JCB <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Jared C. Bennett |

This matter comes before the Court on the Motion to Dismiss filed by Defendants United States Citizenship and Immigration Services ("USCIS"), Kristi Noem, and Terri A. Robinson (collectively, "Defendants").[1] For the reasons discussed below, the Court grants Defendants' Motion.

## BACKGROUND[2]

Plaintiff Alvin Jr. Leon Withers is a United States citizen.[3] In 2002, Mr. Withers was convicted of Aggravated Sexual Abuse of a Child, Dealing in Harmful Material to a Minor, and two counts of Sexual Exploitation of a Minor, all in violation of Utah law.[4] Thirteen years later, in 2015, Mr. Withers was convicted of Transportation of Child Pornography in violation of 18

---

[1] ECF No. 13, filed February 28, 2026.

[2] The facts below are taken from Plaintiffs' Complaint and the documents attached thereto. ECF No. 1. For the purposes of the Motion at issue, the Court will treat the well-pleaded facts alleged in the Complaint as true.

[3] *Id.* ¶ 14; *id.* Ex. 6.

[4] *Id.* ¶ 28; *id.* Ex. 1 at 2; *id.* Ex. 8.

1

U.S.C. § 2252(a).[5] A year after that, in 2016, Mr. Withers was convicted of Possession of Child Pornography in violation of 18 U.S.C. § 2252(b).[6]

Plaintiff Marie Heidi Sharon Withers is a native and citizen of the Philippines.[7] Mrs. Withers entered the United States on July 25, 2021, on a B-2 visitor visa.[8] Three months later, on October 29, 2021, Mr. and Mrs. Withers were married in Salt Lake City, Utah.[9]

On January 21, 2022, Mr. Withers filed an I-130 Petition for Alien Relative ("I-130 petition") with his wife, Mrs. Withers, as the beneficiary.[10] Mrs. Withers filed an I-485 Application for Permanent Residency ("I-485 petition") contemporaneously.[11] On November 23, 2022, Defendants issued a Request for Evidence and a Notice of Intent to Deny, specifically instructing Plaintiffs to provide evidence that Mr. Withers does not pose a risk to his wife.[12] Plaintiff submitted a response containing criminal documents, treatment documents, and letters of support.[13] After reviewing the submissions, USCIS determined that Mr. Withers was convicted of specified offenses against a minor under the Adam Walsh Act ("AWA") and concluded that he failed to demonstrate that he poses no risk to the beneficiary.[14] As such, Mr. Withers's I-130 petition was denied.[15] Due to the denial of the I-130 petition, Mrs. Withers's I-485 petition was also denied.[16]

---

[5] *Id.*
[6] *Id.*
[7] *Id.* ¶ 13; *id.* Ex. 3.
[8] *Id.* ¶ 27; *id.* Ex. 3.
[9] *Id.* ¶ 27; *id.* Ex. 6.
[10] *Id.* ¶ 29; *id.* Ex. 4.
[11] *Id.* ¶ 29; *id.* Ex. 5.
[12] *Id.* ¶ 29; *id.* Ex. 9.
[13] *Id.* ¶ 30; *id.* Ex. 8.
[14] *Id.* ¶ 30; *id.* Ex. 1.
[15] *Id.* ¶ 30; *id.* Ex. 1.
[16] *Id.* ¶ 30; *id.* Ex. 10.

Plaintiffs initiated this action on October 29, 2025, asserting claims for violations of substantive and procedural due process under the Fifth Amendment, as well as a claim for violation of the Administrative Procedure Act ("APA").[17] Defendants filed the instant Motion to Dismiss on February 28, 2026.[18] Plaintiffs filed their Opposition on March 26, 2026,[19] to which Defendants' replied on April 23, 2026.[20]

## **LEGAL STANDARD**

Defendants bring their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). "Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may take one of two forms": a party may make a facial challenge, questioning the sufficiency of the complaint, or a factual challenge, questioning the facts beyond the complaint upon which subject matter jurisdiction depends.[21] "In addressing a facial attack, the district court must accept the allegations in the complaint as true."[22] But "[i]n addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing."[23]

Under Federal Rule of Civil Procedure 12(b)(6), a claim is subject to dismissal if the plaintiff's complaint fails to "state a claim upon which relief can be granted." In construing a plaintiff's complaint, the Court will assume the truth of any well-pleaded facts and draw all reasonable inferences in the light most favorable to the plaintiff.[24] To survive a Rule 12(b)(6)

---

[17] ECF No. 1.
[18] ECF No. 13.
[19] ECF No. 14.
[20] ECF No. 17.
[21] *U.S. v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).
[22] *Id*.
[23] *Id*. (citation modified).
[24] *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).

motion, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[25] "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."[26] Furthermore, "courts may consider documents that a plaintiff (1) attaches to [his] complaint; (2) incorporates by reference in [his] complaint; or (3) refers to in [his] complaint and that are central to [his] complaint and indisputably authentic."[27]

## DISCUSSION

The Immigration and Nationality Act ("INA") provides that, generally, any United States citizen may file an I-130 petition on behalf of certain immediate family members for the purpose of allowing the beneficiary to seek lawful permanent resident status in the United States.[28] If, after investigation, the facts stated in the petition are true and the beneficiary is entitled to preference status, the Attorney General "shall . . . . approve" the petition.[29]

The AWA, however, amended the INA to create an exception to this regime:

> [c]lause (i) shall not apply to a citizen of the United States who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the [noncitizen] with respect to whom a petition described in clause (i) is filed.[30]

"USCIS has determined that, 'given the nature and severity of many of the underlying offenses

---

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[26] *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[27] *Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1297 (10th Cir. 2025) (citation modified).

[28] 8 U.S.C. § 1154(a)(1)(A)(i) ("Except as provided in clause (viii), any citizen of the United States claiming that a [noncitizen] is entitled to classification by reason of a relationship . . . or to an immediate relative status . . . may file a petition with the Attorney General for such a classification."); *see also* 8 C.F.R. § 204.2(a).

[29] 8 U.S.C. § 1154(b).

[30] 8 U.S.C. § 1154(a)(1)(A)(viii).

and the intent of the [AWA],' determinations that a citizen poses no risk should be 'rare.'"[31]

Significantly, "[a] pair of jurisdictional provisions insulate" these determinations from judicial review.[32] 8 U.S.C. § 1154(a)(1)(A)(viii) grants the Secretary "sole and unreviewable discretion" in making the no-risk determination. And 8 U.S.C. § 1252(a)(2)(B) provides that

> [n]otwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . (ii) any other decision or action of the . . . Secretary . . . the authority for which is specified under this subchapter to be in the discretion of the . . . Secretary.

With this framework in mind, the Court first considers Defendants' assertion that it lacks subject-matter jurisdiction to consider Plaintiffs' claims.

## A. The Court Lacks Jurisdiction to Consider Plaintiffs' APA and Procedural Due Process Claims (Counts II and III)

The power of the federal courts is limited to "that power authorized by Constitution and statute[,]" and it is "not to be expanded by judicial decree."[33] "Observing the limits on judicial authority . . . is required by a judge's oath to follow the law."[34]

Here, Plaintiffs' Complaint alleges that the Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and that the Court has authority to grant relief under the APA and the Declaratory Judgment Act. Although 28 U.S.C. § 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," this "general grant of federal question jurisdiction . . . is not limitless—Congress may

---

[31] *Gebhardt v. Nielsen*, 879 F.3d 980, 984 (9th Cir. 2018) (quoting U.S. Citizenship and Immigration Servs., U.S. Dep't of Homeland Security, Interoffice Memorandum, Transmittal of SOP for Adjudication of Family–Based Petitions Under the Adam Walsh Child Protection and Safety Act of 2006 (Sept. 24, 2008)).
[32] *Id*.
[33] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[34] *Trump v. CASA, Inc.*, 606 U.S. 831, 858 (2025).

negate district court jurisdiction by virtue of a specific reference or assignment."[35] Furthermore, while the APA establishes a "strong presumption in favor of reviewability of agency action[,]"[36] it "provides two means to overcome this strong presumption: (1) when a statute precludes judicial review; and (2) when an agency action is committed to agency discretion by law."[37] And "[t]he Declaratory Judgment Act does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction."[38]

In the immigration context, "Congress has sharply circumscribed judicial review."[39] As the INA provides, "no court shall have jurisdiction to review . . . any other decision or action of the . . . Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the . . . Secretary."[40] In turn, 8 U.S.C. § 1154(a)(1)(A)(viii) places the determination of whether a citizen of the United States who has been convicted of a specified offense against a minor poses no risk to the noncitizen family member firmly within the "Secretary's sole and unreviewable discretion."

Indeed, Plaintiffs do not contend that this Court can review the Secretary's no-risk determination and consequent denial of Mr. Withers's I-130 petition. Rather, they challenge the processes by which the Secretary came to that determination, such as the employment of a "beyond a reasonable doubt" standard and the alleged failure to meaningfully consider the evidence Mr. Withers submitted. The question, then, is whether the methods the Secretary

---

[35] *McKenzie v. USCIS*, 761 F.3d 1149, 1155 (10th Cir. 2014) (citation modified).

[36] *McAlpine v. United States*, 112 F.3d 1429, 1432 (10th Cir. 1997) (citation modified).

[37] *Swensen v. Lynch*, No. 15-cv-02642-RM, 2016 WL 9735782, at *2 (D. Colo. Sept. 19, 2016) (citing *McAlpine*, 112 F.3d at 1432); *see also* 5 U.S.C. § 701(a)(1)–(2).

[38] *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) (internal citations omitted).

[39] *Patel v. Garland*, 596 U.S. 328, 332 (2022).

[40] 8 U.S.C. § 1252(a)(2)(B)(ii).

employs in reaching the no-risk determination fall within the Secretary's "sole and unreviewable discretion." The Court finds that they do.

First, the plain text of the AWA provides that a citizen convicted of certain offenses against minors may not petition for immediate-relative status on behalf of a noncitizen "*unless* the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, *determines* that the citizen poses no risk to the [noncitizen]."[41] "To 'determine' means 'to fix conclusively or authoritatively,' and 'to find out or come to a decision about by investigation, reasoning, or calculation.'"[42] The word "determines" as used in the statute therefore "denotes more than the final decision on the petition. It includes the process of reaching that decision, too."[43] Moreover, the "forceful phrase 'sole and unreviewable discretion'" signals "that the Secretary is not bound by otherwise-applicable standards when determining if a citizen poses no risk."[44] "A grant of 'sole' discretion is among the strongest known to law."[45] Thus, based on the text of the statute, Congress's intent to prevent courts from reviewing how the Secretary exercises his or her "sole and unreviewable discretion" in making no-risk determinations is clear.

Furthermore, as the court in *Swensen* stated, for the decision to deny the I-130 petition "to be truly unreviewable, the manner in which the decision is reached cannot be deconstructed to the extent that each component, including the standard by which 'no risk' is determined, is considered distinct from the end result and examined for a discretionary or nondiscretionary bent."[46] Deconstructing the decision in such a manner would render the ultimate decision

---

[41] 8 U.S.C. § 1154(a)(1)(A)(viii) (emphasis added).
[42] *Nobles v. Mullin*, No. 25-1652, 2026 WL 1617622, at *4 (7th Cir. June 5, 2026) (quoting *Determine*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003)).
[43] *Id.*
[44] *Bourdon v. U.S. Dep't of Homeland Sec.*, 940 F.3d 537, 542 (11th Cir. 2019).
[45] *Id.* (quoting *Bremer v. Johnson*, 834 F.3d 925, 931 (8th Cir. 2016)).
[46] *Swensen*, 2016 WL 9735782, at *3.

"unreviewable in name only, given that, as [P]laintiffs wish to do here, the result of deconstructing the decision would result in it being reviewed and subject to reversal."[47] "Ultimately, if the end result is unreviewable, then the matters producing that result must also be unreviewable, at least when, as here, the statutory language is so clearly deferential."[48]

For these reasons, the Court is persuaded that the Secretary's decision-making discretion includes the policies and processes used to make the no-risk determination, as well as the determination itself. The Court thus lacks jurisdiction to review either. Although it does not appear that the Tenth Circuit has yet taken up this issue, seven of the eight circuit courts to have done so are in accord with this conclusion.[49]

Because the Court lacks jurisdiction to review the Secretary's final decision and the processes for making that decision, the Court lacks jurisdiction to consider Plaintiffs' claim for Violation of the APA, which seeks to challenge the methods by which USCIS denied Mr. Withers's I-130 petition. The Court also lacks jurisdiction to consider Plaintiffs' claim for the violation of their procedural due process rights under the Fifth Amendment, which similarly challenges USCIS's methods.[50] As such, the Court dismisses Plaintiffs' APA claim and

---

[47] *Id.*
[48] *Id.*
[49] *See Nobles*, 2026 WL 1617622 , at *5; *Bourdon*, 940 F.3d at 542–45; *Bremer*, 834 F.3d at 930–31; *Gebhardt*, 879 F.3d at 987; *Bakran v. Sec'y, DHS*, 894 F.3d 557, 563–64 (3d Cir. 2018); *Privett v. Sec'y, DHS*, 865 F.3d 375, 380–82 (6th Cir. 2017); *Roland v. USCIS*, 850 F.3d 625, 629–30 (4th Cir. 2017). *But see Castaneira v. Noem*, 138 F.4th 540, 549 (D.C. Cir. 2025).
[50] The Court notes the 8 U.S.C. § 1252(a)(2)(D) provides that "[n]othing in subparagraph (B) or (C) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." Indeed, the Eighth Circuit has held that "the INA's bar on judicial review of discretionary decisions does not extend to colorable constitutional claims." *Bremer*, 834 F.3d at 932 (citing § 1252(a)(2)(D)). However, the Tenth Circuit has interpreted § 1252(a)(2)(D) to apply only "when raised on appeal of a final order of removal[,]" which "must be filed in the appropriate circuit court." *Green v. Napolitano*, 627 F.3d 1341, 1346–47 (10th Cir. 2010). Thus,

procedural due process claim without prejudice.

**B.      Plaintiffs' Complaint Fails to State a Substantive Due Process Claim Upon Which Relief Can Be Granted (Count I)**

The contours of Plaintiffs' substantive due process claim are somewhat unclear, and as such, it demands a different approach than Plaintiffs' other claims. In the Complaint, Plaintiffs' First Cause of Action alleges that "the prohibition on judicial review in 8 U.S.C. § 1154(a)(1)(A)(viii) must be declared unconstitutional as applied to U.S. citizens and Lawful Permanent Residents."[51] As the Court reads this, it appears that, while the phrase "as applied" is used, Plaintiffs are attempting to facially challenge this provision as being violative of substantive due process under the Fifth Amendment. In other words, it appears that the claim challenges the actions of Congress in writing the statute so as to make no-risk determinations "unreviewable" rather than the discretionary actions of USCIS in making the no-risk determination with respect to Mr. Withers. In their Motion, Defendants also seem to have interpreted the claim in this way, as they state that "[t]he First Cause of Action alleges that the unreviewable provision violates substantive due process, making the statute unconstitutional."[52]

However, the First Cause of Action also includes allegations that seem to possibly target USCIS's denial of Mr. Withers's I-130 petition and the processes it took in doing so: "USCIS denied the petition without meaningful reasoning or process, and with no opportunity for judicial redress"[53] and "DHS has exceeded the authority granted to it under the INA and acted ultra vires."[54] Additionally, in Plaintiffs' Opposition, they state with respect to their substantive due

---

"§ 1252(a)(2)(D) does not apply in the district courts." *Id*. at 1347. As such, § 1252(a)(2)(D) could not bring Plaintiffs' procedural due process claim within the jurisdiction of this Court.
[51] ECF No. 1 ¶ 40.
[52] ECF No. 13 at 9.
[53] ECF No. 1 ¶ 38.
[54] *Id*. ¶ 39.

process claim that they "challenge the government's arbitrary and irrational exercise of authority in applying the [AWA] in this case," followed by argument against USCIS's processes in reaching the no-risk determination with respect to Mr. Withers.[55]

The Court notes that Plaintiffs are represented by counsel and are not entitled to a liberal construction of their filings.[56] And the Court does not employ any such liberal construction here. To the extent Plaintiffs' substantive due process claim challenges USCIS's discretionary decision-making process, this Court, as explained in the earlier section, lacks jurisdiction over the claim and will dismiss the claim without prejudice. But the Court will, in the interest of a clear and thorough decision, look to whether it has jurisdiction to consider Plaintiffs' claim as it appears to have been alleged in the Complaint—as a challenge to the constitutionality of the AWA—and, if so, whether Plaintiffs have sufficiently stated a claim upon which relief can be granted.

To reiterate, 8 U.S.C. § 1252(a)(2)(B) provides that "[n]ot withstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review" certain judgments under sections inapplicable here and "any other decision or action of the . . . Secretary . . . the authority for which is specified under this subchapter to be in the discretion of the . . . Secretary." In *Green*, the Tenth Circuit explained that § 1252(a)(2)(B) precludes judicial review of "the specified sort of discretionary decisions[.]"[57] The Tenth Circuit further explained that § 1252(a)(2)(D) is the "sole exception to the jurisdictional bar of § 1252(a)(2)(B)."[58] Section

---

[55] ECF No. 14 at 12–13.
[56] *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 ("While we generally construe pro se pleadings liberally, . . . the same courtesy need not be extended to licensed attorneys.").
[57] *Green*, 627 F.3d at 1345.
[58] *Id*. at 1346.

1252(a)(2)(D) provides that "[n]othing in subparagraph [1252(a)(2)](B) or (C) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals[.]" Section 1252(a)(2)(D) "allows judicial review over constitutional legal challenges only when raised on appeal of a final order of removal," rendering the exception inapplicable in the district courts.[59] However, the Tenth Circuit found in *Sabido Valdivia v. Gonzales* that "the two subsections of § 1252(a)(2)(B) indicate Congress's intention to prohibit review only of those 'judgments' that are discretionary in nature" and thus courts "may review non-discretionary decisions."[60]

The district court in *Swensen* relied on *Green* to determine that it lacked jurisdiction to review the plaintiffs' constitutional claims related to the denial of an I-130 petition.[61] In doing so, the court assumed "that plaintiffs' constitutional claims implicate § 1252(a)(2)(B), and thus, require § 1252(a)(2)(D) to save them, which, in light of *Green*, does not happen here."[62] The district court in *Christian v. Nielsen* similarly reasoned that "an application of *Green* to bar review of Plaintiff's substantive due process claim would require the claim fit within the scope of § 1252(a)(2)(B) to begin with."[63] The Court finds the reasoning in *Christian* persuasive.

In *Green*, the plaintiffs asserted that their constitutional due process rights were "violated because they never had the opportunity to confront or cross-examine" a witness.[64] This challenge was directed at the process by which USCIS reached its discretionary decision. In *Christian*, on

---

[59] *Id*. at 1346–47.
[60] 423 F.3d 1144, 1149 (10th Cir. 2005).
[61] *Swensen*, 2016 WL 9735782, at *5–6.
[62] *Id*. at *6 n.6.
[63] No. CIV-17-1227-SLP, 2018 WL 11267082, at *6 (W.D. Okla. May 14, 2018).
[64] *Green*, 627 F.3d at 1343.

the other hand, the plaintiff's "argument regarding his 'fundamental right to marry' [was] not a challenge to USCIS's exercise of its discretion in making a 'no risk' determination such that § 1252(a)(2)(B) [was] triggered[;]"[65] "[r]ather, [p]laintiff's argument [was] that the Adam Walsh Act—as a whole—result[ed] in [p]laintiff and Mrs. Christian being 'divorced de facto by government action.'"[66] Here, the Complaint alleges that Congress's stripping federal courts of jurisdiction to review determinations under § 1154(a)(1)(A)(viii)[67] infringes upon the "constitutionally protected liberty interest [U.S. citizens possess] in the integrity and unity of [] families, particularly in maintaining a martial relationship free from arbitrary governmental interference."[68] Like in *Christian*, this does not challenge USCIS's discretionary actions in making the no-risk determination such that § 1252(a)(2)(B) is triggered. Instead, it asserts that the language in the relevant provision renders the AWA in and of itself unconstitutional. Thus, Plaintiffs' substantive due process claim "does not fall within the jurisdictional bar of § 1252(a)(2)(B) and *Green* does not control."[69]

"Without Tenth Circuit precedent specific to both § 1252(a)(2)(B) and a constitutional challenge not based in USCIS's discretion," the Court turns to the "more general guidance from the Tenth Circuit"[70]—"when the Court otherwise has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, such jurisdiction is eliminated only when Congress 'negate[s it] by virtue of a specific reference or assignment.'"[71] And this Court agrees with *Christian* that "as to Plaintiff[s'] substantive due process claim challenging the [AWA's] impact on marriage as a whole," it does

---

[65] *Christian*, 2018 WL 11267082, at *6.
[66] *Id*.
[67] ECF No. 1 ¶¶ 35–36.
[68] *Id*. ¶ 33.
[69] *Christian*, 2018 WL 11267082, at *7.
[70] *Id*.
[71] *Id*. (alterations in original) (quoting *McKenzie*, 761 F.3d at 1155).

not appear that any "specific negation of subject-matter jurisdiction exists."[72] However, while the Court may have subject-matter jurisdiction over this claim, Plaintiffs have failed to state a claim upon which relief can be granted.

Substantive due process "bars certain government actions regardless of the fairness of the procedures used to implement them."[73] "The Supreme Court has found substantive due process violations when (1) government action infringes a fundamental right without a compelling government interest, or (2) government action deprives a person of life, liberty, or property in a way that shocks the conscience."[74] The fundamental-rights approach applies when, as here, a plaintiff challenges legislative action.[75] This approach has three steps.[76] The Court must first "determine whether a fundamental right is at stake either because the Supreme Court or the Tenth Circuit has already determined that it exists," or because the right "is objectively among those deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty such that it is fundamental."[77] Next, the Court "must determine whether the claimed right—fundamental or not—has been infringed through either total prohibition or direct and substantial interference."[78] Finally, the Court applies the appropriate level of scrutiny.[79] If legislative action burdens a fundamental right, strict scrutiny applies such that the action must be "narrowly tailored to serve a compelling government interest."[80] "But if an enactment burdens some lesser right, the infringement is merely required to bear a rational relation to a legitimate

---

[72] *Id.*
[73] *Maehr v. U.S. Dep't of State*, 5 F.4th 1100, 1117 (10th Cir. 2021).
[74] *Id.* (citation modified).
[75] *Id.*
[76] *Id.*
[77] *Id.* (citation modified).
[78] *Id.* (citation modified).
[79] *Id.*
[80] *Id.*

13

government interest."[81]

Looking first to whether a fundamental right is at stake here, the Complaint alleges that "U.S. citizens possess a constitutionally protected liberty interest in the integrity and unity of their families, particularly in maintaining a marital relationship free from arbitrary governmental interference."[82] Regardless of the correctness of this assertion, "I–130 forms do not change any familial composition[,]"[83] and the AWA "does not restrict the ability to marry."[84] Instead, "[t]he Act merely denies Mrs. [Withers] one avenue of obtaining permanent residency in the United States. The [Withers] remain married, and Mrs. [Withers] may still petition for lawful entry to the United States on other grounds."[85] This is, thus, "not a case concerning the right to marry, or even the right to marry the person of one's choosing"[86]—such "rights were already realized by Plaintiff when he married his wife in 20[21]."[87] This case is, rather, "about the right to obtain a visa for a[ noncitizen] spouse[,]"[88] and the Supreme Court has held "that a citizen does not have a fundamental liberty interest in [his or her] noncitizen spouse being admitted to the country."[89] While Plaintiffs attempt to distinguish *Munoz* on its facts, Plaintiffs' arguments fail to strike at the heart of the matter, namely, that "while Congress has made it easier for spouses to immigrate, it has never made spousal immigration a matter of right. On the contrary, qualifications and restrictions have long been the norm."[90]

---

[81] *Id.*

[82] ECF No. 1 ¶ 33.

[83] *Zizi v. Bausman*, 306 F. Supp. 3d 697, 706 (E.D. Pa. 2018).

[84] *Bremer*, 834 F.3d at 932.

[85] *Id.*

[86] *Parella v. Johnson*, No. 1:15-cv-0863 (LEK/DJS), 2016 WL 3566861, at *10 (N.D.N.Y. June 27, 2016).

[87] *Id.*

[88] *Id.*

[89] *Dep't of State v. Munoz*, 602 U.S. 899, 909 (2024).

[90] *Id.* at 914.

Perhaps realizing the daunting barriers to prevailing on this position, Plaintiffs change course in their Opposition and claim that they do not assert a fundamental right to bring a noncitizen spouse into the United States.[91] It is then left somewhat unclear what fundamental right they are in fact attempting to assert, but it seems to involve, as the Complaint alleges, "a legally protected right" to have I-130 petitions adjudicated in a certain manner.[92] But Plaintiffs have failed to direct the Court to any case law recognizing a substantive due process right in the approval of an I-130 petition. "[J]udicial self-restraint requires [courts] to exercise the utmost care whenever [they] are asked to break new ground" with respect to substantive due process.[93] And as with the court in *Zizi*, this Court "sees no reason why . . . an [I-130] application would meet the criteria for a fundamental right."[94] Therefore, Plaintiffs have failed to plausibly allege that a fundamental right is at stake here.

Because Plaintiffs have failed to plausibly allege that a fundamental right is at stake, even assuming the AWA's "unreviewable" provision burdens a lesser right, it need only satisfy rational basis review. Notably, "[a] facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid[.]"[95] As Plaintiffs allege, "[t]he purpose of the [AWA] was to protect children from sexual exploitation and violent crime [and] to prevent child abuse and child pornography[.]"[96] And Plaintiffs have not alleged facts giving rise to a reasonable inference that the statute's foreclosing scrutiny of the Secretary's no-risk determination is not,

---

[91] ECF No. 14 at 12.
[92] ECF No. 1 ¶ 34.
[93] *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992).
[94] *Zizi*, 306 F. Supp. 3d at 706.
[95] *United States v. Salerno*, 481 U.S. 739, 745 (1987).
[96] ECF No. 1 ¶ 20.

under any set of circumstances, rationally related to those legitimate purposes.

Therefore, with respect to Plaintiffs' claim for violation of substantive due process under the Fifth Amendment, Plaintiffs have failed to state a claim upon which relief can be granted. The Court will dismiss this claim without prejudice.

### ORDER

For the reasons discussed above, is it HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED as follows:

1. Counts II and III are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. Count I, to the extent that it challenges the Secretary's discretionary decision-making process, is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. To the extent Count I challenges the constitutionality of the AWA, it is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted.

DATED this 22nd day of July 2026.        BY THE COURT:

Ann Marie McIff Allen
United States District Judge

16